## No. 1044

### GATES v. STEINER

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2907.   Decided Sept. 13, 1926

480.   EVIDENCE—Where no evidence is heard by trial court, and case is not heard upon its merits, a finding, by the court, that plaintiff is in default of the performance of a condition precedent where plaintiff denies such condition in his contract, is erroneous.

PER CURIAM.

Fred Gates brought an action against Theresa Steiner in the Cincinnati Municipal Court on an account for labor and material furnished. Steiner answered, alleging that a written contract was entered into by the parties providing that in case of alterations, the contractor was to proceed upon notice of the architect, and the value approved by him shall be added to or deducted from the amount of the contract, arbitration to decide any disputed valuation.

Gates, in replying, denied that the arbitration agreement was contained in his contract. The lower court dismissed the petition, holding that there was an arbitration agreement in the contract and that Gates was in default of the

performance of a condition precedent in his contract. The Hamilton Common Pleas affirmed this judgment. Error was prosecuted and the Court of Appeals held:

1. The record does not show that any witnesses were sworn nor that any evidence was offered, and yet the court found that the contract contained an arbitration agreement.

2. The contract attached to the bill of particulars by Gates does not contain any provision for arbitrations.

3. There was no evidence on which the trial court could base its finding.

4. The judgment of the trial court was erroneous, as was the judgment of the court of common pleas, affirming that judgment.

Judgment reversed and cause remanded.

(Buchwalter, PJ., and Hamilton & Cushing, JJ., concur.)

Attorneys—John W. Cowell for Gates; Moulinier, Bettman & Hunt for Steiner; all of Cincinnati.